UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT D. JACKSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KELLY SANTORO, Warden,<br><br>　　　　Respondent. | Case No. CV 19-5754 GW (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Operative Petition, Respondent's Motion to Dismiss, all of the records and files herein, the Magistrate Judge's Report and Recommendation, and Petitioner's Objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

　　In the Objections, Petitioner contends in part that his unexhausted claims should be deemed technically exhausted because they are "procedurally barred under state law" and consequently, any attempt to present them to the California Supreme Court would be futile. (Obj. at 3). This argument is unavailing. Petitioner has not conclusively demonstrated that his claims would inevitably be subject to a procedural bar if he returned

to state court, and indeed, Petitioner has requested a stay for the very purpose of exhausting his unexhausted claims. However, even assuming, without deciding, that Petitioner is correct, "if a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011); *see also Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Petitioner has not shown cause for his failure to exhaust. Accordingly, even if the Court were to conclude that state court review is no longer available for Petitioner's unexhausted claims, federal review would still be precluded because the claims are procedurally defaulted.

IT IS ORDERED that:

(1) Respondent's Motion to Dismiss is granted.

(2) Petitioner's request for a stay under either *Rhines v. Weber*, 544 U.S. 269 (2005), or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007), is denied.

(3) Petitioner shall have thirty days from the date of this Order to voluntarily dismiss his unexhausted claims in Grounds Three through Six. **A form order of dismissal is attached hereto for Petitioner's convenience.**

  (4) If Petitioner timely dismisses Grounds Three through Six, Respondent shall file an Answer to the exhausted claims in Grounds One and Two within thirty days of the date of the dismissal.

  (5) If Petitioner does not dismiss Grounds Three through Six by the Court's deadline, the Petition shall be denied as mixed and judgment shall be entered dismissing this action without prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order on Petitioner at his current address of record and on counsel for Respondent.

IT IS SO ORDERED.

DATED: August 13, 2020

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

3